U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 0 2 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LEROY ANTHONY MILES | CIVIL ACTION NO. 05-0842-A |
| VS. | SECTION P |
| TIM WILKINSON, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Leroy Anthony Miles sometime in May, 2005. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Winn Correctional Center, Winnfield, Louisiana where he is serving a hard labor sentence imposed following his October, 2001 conviction for attempted manslaughter and possession of a firearm by a convicted felon.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum and exhibits, and the published jurisprudence of the State of Louisiana establish the following relevant facts:

1. On or about October 17, 2001, petitioner was convicted of

1

attempted manslaughter and possession of a firearm by a convicted felon in the Ninth Judicial district Court, Rapides Parish, Louisiana. He was sentenced to serve twenty-five years at hard labor. [Doc. 1-1, p. 1[1]]

2. Petitioner appealed his conviction and sentence to the Third Circuit Court of Appeals. He argued insufficiency of the evidence and excessiveness of sentence. On June 5, 2002 the conviction and sentence were affirmed. [See <u>State of Louisiana v. Leroy Anthony Miles</u>, No. 02-0152 (La. App. 3d Cir. 6/5/2002), 825 So.2d 599 (unpublished). See Exhibit 1, Slip Opinion of the Third Circuit Court of Appeals.] Petitioner did not seek further direct review by filing an application for writs in the Louisiana Supreme Court. [Doc. 1-1, paragraph 6(c)]

3. On or about February 7, 2003 petitioner filed an Application for Post-Conviction Relief in the Ninth Judicial District Court. Petitioner argued the following claims for relief: (a) ineffective assistance of counsel (failure to present alibi defense; failure to object to "surprise" evidence); (b) trial court erred when it failed to suppress photographic line-up; (c) insufficient evidence; (d) court erred when it

---

[1] Other documents indicate that petitioner was sentenced to serve two consecutive ten year sentences as a result of his conviction. [See <u>State of Louisiana v. Leroy Anthony Miles</u>, 02-0152 (La. App. 3d Cir. 6/5/2002, Slip Opinion, Exhibit 1; See also Order denying application for Post-Conviction Relief and Setting Hearing, 2/11/03, Exhibit 2, p. 1]

2

denied Motion for Post Verdict Judgment of Acquittal. [See Exhibit 2, Application for Post-Conviction Relief]

4. On February 11, 2003, the trial court denied all of petitioner's claims except his claim of ineffective assistance of counsel based upon counsel's failure to provide notice of an alibi defense. As to that claim, the court ordered an evidentiary hearing. [Exhibit 2, p. 1, Order denying application for Post-Conviction Relief and Setting Hearing, 2/11/2003]

5. Sometime in February, 2003 petitioner filed a Motion for New Trial based upon newly discovered evidence.[2] On May 12, 2003 he filed an application for Writ of Review in the Third Circuit Court of Appeals. Apparently he argued therein that the trial court had not acted on his Application for Post-Conviction Relief. Petitioner also sought a Writ of Mandamus directing the trial court to act on his Motion for a New Trial. On July 16, 2003, the Third Circuit denied his writs having found that petitioner failed to provide a copy of his Application for Post-Conviction Relief and denied his request for mandamus having found that the trial court denied his Motion for New Trial on May

---

[2] The "newly discovered evidence" upon which petitioner based his Motion for a New Trial, was the post-conviction affidavit of the victim, Kenneth Davenport. In that statement, the victim equivocated on his identification of petitioner as the perpetrator of the crime. This affidavit was executed on February 19, 2003. [Exhibit 4; see also Doc. 1-4, pp. 10-14] The undersigned therefore concludes that the <u>earliest</u> possible date that petitioner's Motion for a New Trial could have been filed was February 19, 2003.

3

6, 2003. [See State of Louisiana v. Leroy A. Miles, No. KH-03-00585 (La. App. 3d Cir. 7/16/2003); Exhibit 5, p. 2.]

6. On September 4, 2003 petitioner filed another application for writ of review in the Third Circuit Court of Appeals. On September 30, 2003 the Court granted petitioner's writ and ordered the district court to act on petitioner's Application for Post-Conviction Relief. [See State of Louisiana v. Leroy A. Miles, No. KH-3-01207 (La. App. 3d Cir. 9/30/2003); Exhibit 5, p. 3.]

7. On October 30, 2003 petitioner filed a Motion to Enforce in the Third Circuit. This pleading was assigned Docket Number KM 03-01501. [See State of Louisiana v. Leroy A. Miles, No. KM 03-01501. (La. App. 3d Cir. 1/27/2004); Exhibit 5, p. 4.]

8. On December 15, 2003 the court convened the evidentiary hearing. At the conclusion of the hearing the court found,

> "All right, the motion deals with the single issue of whether or not Mr. Joseph Kutch (court appointed counsel) provided the defendant effective representation at the time of the trial. There has been no showing today, in the opinion of the court, that Mr. Kutch either did or failed to do something that would rise to the level ... as constituting substandard or reasonable [sic] representation in the defense of the defendant." [Exhibit 3, Transcript of Evidentiary Hearing, 12/15/2003, at p. 48]

9. On January 27, 2004, petitioner's Motion to Enforce was denied by the Third Circuit which noted, "The lower court ruled on Relator's Uniform Application for Post-Conviction Relief on

December 15, 2003, rendering his motion with this court moot." [See State of Louisiana v. Leroy A. Miles, No. KM 03-01501. (La. App. 3d Cir. 1/27/2004); Exhibit 5, p. 4.]

10. On December 23, 2003 petitioner filed an application for writ of review in the Third Circuit seeking review of the trial court's denial of his motion for new trial on May 6, 2003. On January 27, 2004 this writ was denied pursuant to Rules of Courts of Appeal, Rule 4-3, because "[r]elator failed to seek review of the trial court's denial of his motion for new trial within thirty days of the trial court's denial and Relator fails to show the trial court extended the thirty-day period in which to seek review." See State of Louisiana v. Leroy A. Miles, No. KH 03-01756 (La. App. 3d Cir. 1/27/2004); Exhibit 5, p. 5.]

11. On December 29, 2003 petitioner filed an application for writs seeking review of the trial court's denial of his application for post-conviction relief. On January 27, 2004 that writ application was denied as deficient under Rules of Courts of Appeal Rule 4 and La. C.Cr.P. art. 912.1. [See State of Louisiana v. Leroy A. Miles, No. KH 03-01768 (La. App. 3d Cir. 1/27/2004); Exhibit 5, p. 6.] On March 9, 2004 petitioner filed a Motion for Reconsideration in the Third Circuit. On March 18, 2004 his Motion was returned because it was untimely under Rule 2-18.2 of the Uniform Court of Appeals Rules; the clerk therein noted that petitioner's pleading was due on or before February 10, 2004.

Further, the Clerk advised petitioner that under Rule 2-18.7, the Court of Appeals could not consider an application for rehearing on a writ denial. [Exhibit 5, p. 1, Letter, Clerk of the Third Circuit Court of Appeals]

12. On or about March 31, 2004 petitioner attempted to file pleadings in the Louisiana Supreme Court. These pleadings were returned to petitioner unfiled on June 22, 2004 because petitioner failed to supply the necessary documentation (a copy of his application for Post-Conviction Relief) to support his claims. [Exhibit 6, p. 2] On June 17, 2004 petitioner filed a writ application in the Louisiana Supreme Court. The pleading sought review of the Third Circuit's writ denial under docket number KH 03-01768 and was assigned the Supreme Court's docket number 2004-KH-1635. [Exhibit 6, p. 3] On April 29, 2005, the writ application was denied. See State ex rel. Leroy A. Miles v. State of Louisiana, 2004-1635 (La. 4/29/2005), 901 So.2d 1053. See also Exhibit 6, p. 4]

13. Petitioner's undated federal *habeas corpus* petition was accompanied by an *in forma pauperis* application dated May 4, 2005 [see Doc. 2]. For the purposes of this Report, the undersigned will assume that this was the earliest date upon which the pleading could be said to have been filed.[3] Petitioner argues

---

[3] As noted above, the pleadings were received and filed on May 12, 2005. However, the "mailbox rule" provides that a prisoner's federal pleadings should be considered to have been

6

the following claims for relief: (1) insufficiency of evidence; (2) trial court erred when it failed to suppress photo line-up; (3) trial court erred when it denied petitioner's motion for a new trial based on newly discovered evidence; (4) ineffective assistance of counsel; (5) excessiveness of sentence. [Doc. 1-4, pp. 3-4]

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final.

---

filed as of the date the pleadings were presented to the prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Plaintiff did not date his pleadings, however, since his *ifp* application was dated May 4, the undersigned assumes that this was the earliest date that the petitioner could have presented his pleadings to the authorities for mailing.

7

28 U.S.C. §2244(d)(1)(A).[4]

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

As shown above, petitioner's conviction and sentence were affirmed on direct appeal on June 5, 2002. See <u>State of Louisiana v. Leroy Anthony Miles</u>, No. 02-0152 (La. App. 3d Cir. 6/5/2002), 825 So.2d 599 (unpublished). See Exhibit 1, Slip Opinion of the Third Circuit Court of Appeals.] Petitioner had a period of thirty days within which to seek further direct review in

---

[4] Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from the events described in subsections (B), (C), or (D) of §2244(d)(1). He does not claim the existence of any state created impediments which inhibited him from filing his federal petition. He does not suggest that his present claims are based upon a constitutional right newly recognized by the United States Supreme Court. Nor does he claim that the factual predicate of his claim was only recently discovered.

Louisiana's Supreme Court. [See Louisiana Supreme Court Rule X §5(a)] By his own admission he did not seek further direct review, and therefore, petitioner's judgment of conviction and sentence became final for AEDPA purposes on July 5, 2002, when the thirty day period for filing his writ application in the Louisiana Supreme Court expired. In other words, for AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the <u>expiration of the time for seeking such review</u>" [28 U.S.C. § 2244(d)(1)(A)], thirty days after the judgment of the court of appeals.[5] See <u>Roberts v. Cockrell</u>, 319 F.3d 690, 694 (5th Cir.2003) (if defendant stops the appeal process before entry of judgment by court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires.)

Petitioner was able to avail himself of the tolling provisions of 28 U.S.C. §2244(d)(2) when he filed his Application for Post-Conviction Relief in the Ninth Judicial District Court

---

[5] See Louisiana Supreme Court Rule X § 5(a) which provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

See also <u>Williams v. Cain</u>, 217 F.3d 303, 308 (5th Cir. 2000): "Rule X, §5(a) is a procedural requirement governing the time of filing. The rule sets out no specific exceptions to, or exclusions from, this requirement. Indeed, the rule forbids any extension of the thirty-day limit."

on February 7, 2003. [See Exhibit 2] However, by the time he filed this post-conviction pleading, 217 days of his AEDPA limitations period had already elapsed. The application for post-conviction relief remained pending in the Ninth Judicial District Court until December 15, 2003. [See Exhibit 3] Petitioner sought review of this judgment on December 29, 2003 when he filed an application for writs in the Third Circuit Court of Appeals. However, his writ application was denied on procedural grounds on January 27, 2004. [Exhibit 5, p. 6] Petitioner sought review of this writ denial, but that pleading was denied on March 18, 2004 as untimely. Therefore, petitioner's post-conviction application ceased to be "properly filed" as of January 27, 2004, the date his writ was denied by the Third Circuit Court of Appeals. See State of Louisiana v. Leroy A. Miles, No. KH 03-01768 (La. App. 3d Cir. 1/27/2004) at Exhibit 5, p. 6] Petitioner filed a request for writ of review in the Louisiana Supreme Court on March 31, 2004, but those pleadings were returned unfiled because petitioner did not provide the documentation required by the Supreme Court rules. He ultimately filed his Supreme Court writ application on June 17, 2004, but that application was clearly filed more than thirty days after the entry of the judgment complained of and thus could not be considered "properly filed"

so as to properly toll the limitations period.[6] Therefore, the tolling of the limitations period ceased on January 27, 2004 when the Third Circuit rejected his writ application. Petitioner filed his federal *habeas corpus* petition on May 4, 2005, and by that time an additional period of one year and three months had elapsed.[7]

---

[6] As shown above, pursuant to Supreme Court Rule X §5(a), petitioner had a period of thirty days within which to file his writ application following the Third Circuit's January 27, 2004 judgment. Since he failed to timely file the writ application in the Supreme Court, the pleading he ultimately filed cannot be considered either "pending" or "properly filed" so as to toll the limitations period of the AEDPA. See <u>Williams v. Cain</u>, 217 F.3d 303, 310-311 (5th Cir. 2000) ("In this case, Williams failed to comply with Louisiana Supreme Court Rule X, § 5(a) by filing an application for a supervisory writ with that court within thirty days after the intermediate state appellate court denied his application for a supervisory writ from the trial court's denial of his application for post-conviction review. Rule X, § 5(a) expressly prohibits any extension of the thirty-day period. The district court correctly observed that no evidence suggested that the Louisiana Supreme Court considered Williams's untimely application for a supervisory writ on the merits.

Once Williams failed to comply with Louisiana Supreme Court Rule X, § 5(a), 'further appellate review [was] unavailable under [Louisiana's] procedures.' [citation omitted] His application for post-conviction relief from the Louisiana courts ceased to be pending long before the one-year grace period of the AEDPA began to run. No tolling applies. The period for filing a section 2254 petition expired ... [and thus] Williams's federal petition was untimely."

[7] Nor can petitioner rely upon his Motion for New Trial to provide any additional tolling period. Petitioner's February, 2003 Motion for a New Trial remained pending in the District Court only until May 6, 2003. [See Exhibit 5, p. 2] Petitioner did not timely seek review of the denial of the Motion for New Trial and therefore it ceased to be "properly filed" when the 30 day period for seeking review expired. [See Exhibit 5, p. 5]

11

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). The pleadings and exhibits submitted by the petitioner suggest no reason which would support equitable tolling of the statute of limitations. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply. Dismissal on those grounds is therefore recommended.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten

(10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _2nd_ day of _December_, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE